RAYMOND J. LOHIER, JR., Circuit Judge,
concurring:
I agree with the majority opinion. Because the nature of Poventud’s claims lies at the heart of our in banc dispute, I write separately to address how we identify those claims and how the dissenting opinions misconstrue them.
The Second Amended Complaint (the “Complaint”) alone properly frames our understanding of Poventud’s claims. We ignore the extraneous assertions in Poventud’s summary judgment and other briefs in determining what claims he asserted. Moreover, we construe the Complaint in the light most favorable to Poventud, the non-moving party, and draw all inferences and resolve all ambiguities in his favor. See Gould v. Winstar Commc’ns, Inc., 692 F.3d 148, 157-58 (2d Cir.2012).
The dissenting opinions view the Complaint as littered with assertions of Poventud’s actual innocence. As a result, they *147 construe the Complaint as ultimately alleging actual innocence as the basis for Poventud’s Brady claim, and they conclude that the claim “ ‘sounds in’ malicious prosecution.” Dissenting Op. of Judge Jacobs, post, at 162. There are two problems with their reading. First, even if the Complaint had contained a malicious prosecution claim, the dismissal of that claim on summary judgment would not require the dismissal of Poventud’s Brady claim, which in no way depends on a showing of actual innocence. Second, reading the Complaint broadly to claim malicious prosecution or actual innocence neglects our appellate obligation to read the Complaint in a manner — here, narrowly — that favors rather than maligns Poventud’s position.
Indeed, under any reading of the Complaint I have trouble uncovering a claim of actual innocence. The allegations concerning Poventud’s Brady claim are contained in paragraphs 115 to 125 of the Complaint and state that the officers “lied about, and otherwise failed to disclose the Brady material.” See, e.g., Second Am. Compl. ¶ 118. Paragraph 121 alleges that the officers’ “conduct operated to deprive Plaintiff of his rights ... to timely disclosure of all material evidence favorable to the defense” “and to not be convicted or punished based upon the government’s knowing use of false or misleading testimony.” Id. ¶ 121. Nowhere in these paragraphs does Poventud allege that he was actually innocent.
In urging a contrary view, my dissenting colleagues point to paragraph 128. That paragraph states that the undisclosed material “included, but was not limited to, evidence of innocence, evidence that an identifying witness was unreliable, and evidence impeaching the credibility of significant prosecution witnesses.” Id. ¶ 128. I grant that one might be able to read paragraph 128 as broadly as possible and conclude that it constitutes a claim of actual innocence. But such a reading again neglects our duty to construe the Complaint in the light most favorable to Poventud. Gould, 692 F.3d at 157-58. As a textual matter, the phrase “there is evidence of innocence” is not synonymous with the claim “I am innocent.” Rather, the more natural reading of Poventud’s reference to “evidence of innocence” is simply that the withheld evidence was material for Brady purposes — in other words, that it would have tended to lead to a verdict of not guilty at trial.
Confined by the allegations in the Complaint and read fairly and narrowly, as they should be, Poventud’s claims clearly concern “the misdeeds of the police prior to his jury trial, and nothing more.” Maj. Op., ante, at 138. So read, they neither sound in malicious prosecution nor proclaim Poventud’s actual innocence.
To ensure that the relevant record is straight, I attach the Complaint in its entirety as an appendix.